**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MICHAEL WINSTON,                    )
                                    )
              Plaintiff,            )
                                    )
      v.                            )        Case No. 1:09-cv-224-SJM
                                    )
LAURA BAUER, *et al.*,              )
                                    )
              Defendants.           )

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., District J.

 Plaintiff Michael Winston has filed this civil rights action against Laura Bauer, a Magisterial District Judge for Magisterial District Court 37-3-01 located in Warren County, Pennsylvania ("Bauer"), Michael Lindsey, a Pennsylvania State Trooper ("Lindsey"), John Parroccini, the Warren County Public Defender ("Parroccini"), Ross McKeirnan, the Warren County District Attorney ("McKeirnan"), and Larry Kopko, the Warren County Sheriff ("Kopko") for alleged violations of his federal civil rights. Presently pending before this Court are the Defendants' respective motions to dismiss the complaint. For the reasons set forth below, the claims against Defendants Bauer, Parroccini and McKeirnan will be dismissed in their entirety. The claims against Defendants Lindsey will be dismissed in part. The claims against Defendant Kopko will be dismissed in their entirety, with the caveat that Plaintiff will be granted leave to replead one of his putative claims.

1

# I. STANDARD OF REVIEW

When reviewing a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must be viewed in the light most favorable to the plaintiff and all its well-pleaded allegations must be accepted as true. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). Moreover, where, as here, the plaintiff is proceeding *pro se,* the complaint "is 'to be liberally construed,' … and 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal citation omitted).

Nevertheless, a complaint, even one that is *pro se*, must be dismissed if it does not allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Thakar v. Tan*, 372 Fed. Appx 325, 328 (3d Cir. Mar. 25, 2010) (*quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal).* Our circuit court of appeals has expounded on this standard as follows:

> [A]fter [*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)], when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 219 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips* [*v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 200) (citations omitted).

## II.  DISCUSSION

In this lawsuit, Plaintiff claims that his federal civil rights were violated in connection with an assault allegedly perpetrated upon him by Defendant Lindsey while in the "offices" of Defendant Bauer.  Although only scant factual information (and no date) is pled, the claim appears to be premised on events that occurred on April 21, 2009, when Plaintiff was arrested by Lindsey and informally arraigned by Bauer on a DUI charge and related vehicle code violations.  See *Commonwealth v. Michael Dean Winston*, Docket No.: CP-62-CR-214-2009 (Warren County).  Plaintiff appears to contend that his rights under numerous federal laws and constitutional amendments[1] were violated in connection with these events, and he demands punitive damages in the amount of $5,000,000.00, as well as "other relief this court deems just."  (Complaint par. 15.)  We will address seriatim the complaint's allegations, and the viability of its claims, as they relate to each of the named Defendants.

A.    Defendant Lindsey

Plaintiff alleges that Defendant Lindsey "falsly [sic] arrested" him, holding him "against his will for 6 hours."  (Complaint [2] at ¶ 9.)  He further claims that Lindsey "assaulted" him in Magistrate Judge Bauer's office and engaged in "exsesive [sic] force," that Lindsey "refused Plaintiff medical treatment," that he "created false police reports (perjury)," and that he "refuses to cooperate with Plaintiff."  (*Id*.)

Construing these allegations liberally and in the light most favorable to Plaintiff, it appears Plaintiff is attempting to state a claim pursuant to 42 U.S.C. § 1983 for the alleged violation of his federal civil rights.  Section 1983 affords a private right of action

---

[1] The complaint's "jurisdiction" clause avers that "[t]his court has jurisdiction over this case pursuant to 28 USC 1331 and Title 18 [U.S.C.] 241, 242[,] Title 42 [U.S.C.] 1983, 1981, 1985, Ex Parte Young claim, fifth Amendment, fourteenth Amendment[,] Title 28 U.S. Code, Section 1343, Civil Rights Act, 42 USC 1986[,] Title 18 USC 2201, 2202 (F R CIV P 47)[.]"  (*See* Complaint [2] at ¶ 7.)

to

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...

42 U.S.C. § 1983.[2]

To state a viable § 1983 claim, a plaintiff must establish both (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.2000). There is no dispute for present purposes that Lindsey is a "person acting under color of state law" within the meaning of § 1983.[3]

The more relevant question is whether Plaintiff has alleged sufficient factual content to state a plausible violation of any right secured to him by federal law. To the extent he has provided factual allegations in his complaint, Plaintiff appears to be asserting four distinct claims: (i) a false arrest and/or imprisonment claim; (ii) a malicious prosecution claim premised on falsified police reports and/or perjury; (iii) an excessive force claim; and (iv) a denial of adequate medical care claim. We will consider each theory in turn.

---

[2] To the extent Plaintiff is purporting to state a claim under § 1983, this Court's jurisdiction is premised on 28 U.S.C. §§ 1331 and 1343(a).

[3] To the extent Plaintiff is attempting to sue Lindsey in his official capacity, he has failed to state a viable claim because state troopers, in their official capacities, are not "persons" subject to § 1983 liability and would be protected by Eleventh Amendment immunity. *See Neuburger v. Thompson*, 305 F. Supp. 2d 521, 536 (W.D. Pa. 2004), *affid*, 124 Fed. Appx. 703 (3d Cir. Jan. 5, 2005). We will assume, therefore, that Plaintiff intends to sue Lindsey in his personal capacity.

1.    *False Arrest/ False Imprisonment*

Plaintiff asserts in his complaint that Lindsey "falsly [sic] arrested" him and "held him against his will for six hours." (Complaint ¶ 9.) Giving the Plaintiff the benefit of every liberal construction, the Court assumes he is attempting to plead an alleged violation of his Fourth Amendment rights based on false arrest or imprisonment relative to the charges for which he was arrested on April 21, 2009. Courts within this circuit have recognized a federal cause of action based upon this kind of theory. To state such a claim under § 1983, a plaintiff must show that: (1) a Fourth Amendment seizure occurred, and (2) the seizure was made without probable cause. *See Gavlock v. Deniker*, 2005 WL 1273582 at *9 (M.D. Pa. May 27, 2005) (*citing Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir.1988)).

However, a lack of probable cause cannot be established where the plaintiff was convicted on the charge which served as the basis for his arrest. *See Shelly v. Wilson*, 339 Fed. Appx. 136, 139 (3d Cir. Aug. 3, 2009) ("The jury's finding that [the plaintiff] committed each element of these offenses beyond a reasonable doubt defeats his assertion that there was no probable cause to arrest him."); *Lynn v. Schertzberg*, 169 Fed. Appx. 666, 670 (3d Cir. Jan. 31, 2006) (noting that, it seemed "apparent" that the plaintiff's false arrest and false imprisonment claims "must fail" where the plaintiff was convicted of the charge against him, but leaving that issue to be addressed on remand to the district court); *McClam v. Barry*, 697 F.2d 366, 370 (D.C. Cir.1983), *overruled on other grounds, Brown v. U.S.*, 742 F.2d 1498 (D.C. Cir.1984) (stating that as to common law and constitutional law false arrest claims, "subsequent conviction establishes as a matter of law that the arrest was justified.").

Here, the official state court docket[4] shows that Plaintiff was arrested for, and

---

[4] In deciding a Rule 12(b)(6) motion, courts can consider, among other things, matters of public record. *See Shelley v. Wilson*, 339 Fed. Appx. 136, 137 n. 2 (3d Cir. Aug. 3, 2009); *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)). This may include judicial proceedings. *See In re Congoleum Corp.*, 426 F.3d 675, 678 n.2 (3d

subsequently convicted of, driving under the influence of alcohol in violation of 75 Pa. C.S.A. § 3802.  Accordingly, Plaintiff cannot state a legally viable claim that his arrest for DUI or ensuing detention by Lindsey violated his Fourth Amendment rights.

2.    *False Police Reports/ Malicious Prosecution*

In conclusory fashion the complaint alleges that Defendant Lindsey "created false police reports (perjury)."  (Complaint ¶ 9.)  No factual elaboration whatsoever is provided as to this claim.  However, "the filing of a false police report is not itself a constitutional violation."  *Ellis v. Vergara*, 2009 WL 4891762 at *5 (D.N.J. Dec. 15, 2009) (*quoting Jarrett v. Township of Bensalem*, 312 Fed. Appx. 505, 507 (3d Cir.2009) (citation and internal quotation marks omitted)).  *See also Landrigan v. Warwick*, 628 F.2d 736, 744 (1st Cir.1980) (the existence of a false police report does not deprive a person of a Constitutional right).  *Accord Shelley v. Wilson*, 152 Fed. Appx. 126, 128 (3d Cir. Oct. 14, 2005) (a plaintiff cannot state a claim for damages under 42 U.S.C. § 1983 against a police officer for allegedly giving perjured testimony at his criminal trial) (*citing Briscoe v. LaHue,* 460 U.S. 325, 326 (1983)).  Therefore, this allegation, even if true, cannot serve as the basis of a § 1983 claim against Lindsey.

Even assuming, moreover, that the Plaintiff is attempting to plead a Fourth Amendment violation premised upon a theory of malicious prosecution, such a claim is not viable.  A claim of malicious prosecution under § 1983 "alleges the abuse of the judicial process by government agents."  *Ellis, supra*, at *5 (*citing Gallo v. City of Philadelphia*, 161 F.3d 217, 225 (3d Cir.1998)).  "To prove malicious prosecution under

---

Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant here."); *Furnari v. Warden, Allenwood Federal Correctional Inst*., 218 F.3d 250, 255 (3d Cir.2000); *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205 (3d Cir.1995) (concluding that judicial notice can be taken of certain facts such as that a document was filed, a position taken, an admission or allegation made "as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority.").

section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Id.* (citing *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir.2007)). *See also Hartman v. Moore*, 547 U.S. 250 (2006). Here, the official docket sheet shows that Plaintiff was convicted on all charges in his Warren County criminal proceedings. *See Commonwealth v. Michael Dean Winston*, Docket No.: CP-62-CR-214-2009 (Warren County). Accordingly, Plaintiff cannot allege, and has not alleged, that the underlying criminal proceedings ended in his favor. *See Ingram v. Lupas*, 353 Fed. Appx. 674, 678 (3d Cir. 2009) (success in the underlying criminal proceeding is a necessary element of a malicious prosecution claim under § 1983) (citing *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007)).

Furthermore, where a § 1983 claim seeks damages for an allegedly unconstitutional conviction or imprisonment, or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. Where the underlying conviction or sentence has not been invalidated, the § 1983 claim is not cognizable. *Id*. To the extent the complaint provides any factual content at all, it appears to be asserting that Plaintiff was wrongly arrested and prosecuted on the basis of falsified evidence. Because such a claim implies the invalidity of Plaintiff's DUI conviction, it cannot succeed absent a showing that the conviction has been reversed or otherwise invalidated. Such a showing has not, and cannot, be made here and, therefore, this type of claim cannot survive the Rule 12(b)(6) stage.

7

3.    *Excessive Force*

The real gravamen of Plaintiff's complaint seems to be his claim that he was "assaulted" by Defendant Lindsey while in Bauer's office and that excessive force was used against him.  (Complaint ¶ 9.)  He alleges that Defendant Bauer "destroyed the filmed evidence" (apparently caught on her security camera) and that she "gave [a] copy to [Lindsey]."  (*Id.* at ¶ 8.)[5]

Although no additional facts are alleged in the complaint describing this assault, Plaintiff has, in other filings unrelated to these proceedings, provided some additional details concerning this incident.  In an effort to better assess the sufficiency of Plaintiff's claims, I will take judicial notice of a letter/statement filed with this Court in two unrelated lawsuits[6] (and attached to Defendant Lindsey's Rule 12(b)(6) motion as Exhibit 2) wherein Plaintiff avers that the Magistrate Judge "set bail" and that, "on the way threw [sic] the doorway into the next room wich [sic] was dark that cop from behind grabs me and face first while handcuffed threw [sic] a belt loop threw me down on a bunch of chairs."  (*See* Def.'s Mot. to Dismiss, Ex. 2, [22-1] at p. 12 of 20.)  In addition, the Court has viewed and will consider the video footage of the incident as captured by

---

[5] Defendant Lindsey has raised the doctrines of *Younger* abstention and *Rooker-Feldman* as bases for dismissal of some or all of the claims against him.  *Younger* abstention provides that federal courts should not adjudicate constitutional claims if the plaintiff is party to an ongoing state proceeding in which the constitutional claims can be adjudicated.  *See Younger v. Harris*, 401 U.S. 37 (1971).  The *Rooker-Feldman* doctrine precludes federal courts from exercising jurisdiction over claims that were "actually litigated or 'inextricably intertwined' with adjudication by a state's courts." *Bierley v. Dombrowski*, 2007 WL 2811694 at *3 (W.D. Pa. Sept. 24, 2007) (citation omitted).  *See Rooker v. Fidelity Trust*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  To the extent these doctrines have applicability in this case, I do not find them applicable as a basis to dismiss Plaintiff's excessive force and/or denial-of-medical-care claim against Lindsey, as those claims are not sufficiently related to the Plaintiff's criminal proceedings in Warren County Court.

[6] *See Michael Winston v. William F. Morgan, et al.*, No. 1:09-cv-225-SJM (W.D. Pa.) (Doc. [1-2] at p. 21 of 55); *Michael Winston v. Bradford City Police Dept.*, No. 1:08-cv-334-SJM (W.D. Pa.) (Doc. [17-2] at p. 3 of 6).

8

the security camera in Defendant Bauer's office, which has been submitted by Defendant Lindsey in support of his motion to dismiss the complaint.[7]

Defendant Lindsey posits that the controlling legal standard for Plaintiff's excessive force claim is supplied by substantive due process principles applicable under the Fourteenth Amendment.[8]  In the context of prison disturbances, he notes, courts within this circuit have applied the same standard applicable to convicted prisoners under the Eighth Amendment, i.e., "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  *See Cole v. Mistick*, 2009 WI 1160962 at *7 (W.D. Pa. April 28, 2009) (slip op.) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  As the *Cole* court noted:

> Factors relevant to this inquiry include:  the need for application of force; the relationship between that need and the amount of force used; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response.  *Hudson*, 503 U.S. at 7 (citations omitted).  The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis.  *Id.  See also Brooks v. Kyler*, 204 F.3d 102, 104 (3d Cir.2000) (holding that there is no fixed minimum quantum of injury that a prisoner must prove he suffered through either objective or independent evidence in order to state a claim for excessive force).

---

[7] "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Shelley v. Wilson*, 339 Fed. Appx. 136, 137 n. 2 (3d Cir. Aug. 3, 2009) (*quoting Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir.2004)).  Because the videotape in question is both referenced in the complaint and integral to certain of Plaintiff's § 1983 claims, they may be considered by this Court.  *See id.* (court would consider on Rule 12(b)(6) ruling documents that were referenced in the plaintiff's complaint, were matters of public record, and/or were integral to the false arrest claim).

[8] Lindsey contends that the Fourteenth Amendment, rather than the Fourth Amendment, should apply here because, at the time of the alleged incident, Plaintiff had already been informally arraigned and would therefore be considered a "pretrial detainee."  *See generally Fuentes v. Wagner*, 206 F.3d 335 (3d Cir. 2000).  For present purposes, I will assume, without finally deciding, that this is the appropriate legal standard.

*Id.* As the *Cole* court observed, "[t]he significance of the *Hudson* and *Brooks* line of cases is that they essentially did away with the traditional requirement of an objective serious deprivation and focused solely on the subjective intent of the actor." *Id.* (citing *Brooks v. Kyler*, 204 F.3d 102, 108 (3d Cir. 2000)).

Assuming for the moment, as Defendant Lindsey argues, that this is the appropriate governing standard, I find that the legal sufficiency of Plaintiff's claim cannot be fully assessed on the limited record before me. The videotape in question provides no audio and the record available to the Court at this early stage is too sparse to permit the Court to fairly evaluate the aforementioned factors.

Lindsey contends that this case demonstrably involves the use of *de minimis* force, and he refers the Court to numerous cases in which applications of force supposedly greater than that involved here did not rise to the level of an Eighth Amendment violation. Notably, nearly all of the cases cited by the Defendant involved determinations at the Rule 56 stage. *See, e.g., Reys v. Chinnici*, 54 Fed. Appx. 44, 48 (3d Cir. 2002) (summary judgment granted for defendant)*; Payo v. Rustin*, 2009 WL 3247310 at *2 (W.D. Pa. Oct. 7, 2009) (denying defendant's motion for summary judgment); *Johnson v. Sullivan*, 2009 WL 2424597 (D.N.J. Aug. 5, 2009)(slip copy) (Rule 12(b)(6) motion converted to Rule 56 motion for summary judgment); *Thomas v. Ferguson*, 361 F. Supp. 2d 435, 436 (D.N.J. 2004) (summary judgment granted to defendant); *Brown v. Vaughn*, 1992 WL 82310 at *1-2 (E.D. Pa. Apr. 14, 1992) (summary judgment ruling). *But see Lenegan v. Althouse*, 1988 WL 55243 at *1 (E.D. Pa. May 26, 1988) (Rule 12(b)(6) dismissal as to § 1983 claim where plaintiff alleged only that prison officials pulled his hair and ear and "smacked [him] on the back of the head").

Nor can we conclude based, on this limited record, whether Lindsey is entitled to qualified immunity relative to the excessive force claim. Again, the Court finds that any such determination is more properly made at the Rule 56 stage with the benefit of a more complete record. *See Johnson v. Sullivan*, 2009 WL 2424597 (D.N.J. Aug. 5,

2009)(slip copy) (addressing qualified immunity claim as a Rule 56 issue).  Accordingly, Lindsey's motion to dismiss will be denied insofar as it relates to Plaintiff's excessive force claim.

    4    *Denial of Adequate Medical Care*

Plaintiff also alleges that Defendant Lindsey "refused [him] medical treatment." Though Plaintiff has attempted to invoke the Eighth Amendment's proscription against cruel and unusual punishment, that provision has no direct application to his situation, since Plaintiff was not a convicted prisoner serving a sentence at the time of the alleged incident.  *See City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 243-44 (1983) (Eighth Amendment's proscription of cruel and unusual punishments based on 'deliberate indifference to serious medical needs of prisoners' had no application to plaintiff where there had been no formal adjudication of guilt against him at the time he required medical care) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)).  Instead, "[t]he applicable constitutional protection is the Due Process Clause of the Fourteenth Amendment which 'does require the responsible ... governmental agency to provide medical care' to pre-trial detainees, ... because the failure to do so amounts to punishment without an adjudication of guilt."  *King v. County of Gloucester*, 302 Fed. Appx. 92, 96 (3d Cir. Dec. 10, 2008) (citations omitted).  *See also Harvey v. Chertoff*, 263 Fed. Appx. 188, 191 (3d Cir. Jan. 30, 2008) (pretrial detainees are entitled to the protections of the Due Process clause).

Nevertheless, while it is technically the Fourteenth, not the Eighth, Amendment which governs the Plaintiff's putative claim, the applicable legal analysis under both amendments are essentially the same.  *See Harvey*, *supra*, at 191 ("We previously have found it constitutionally adequate to analyze pretrial detainees' claims of inadequate medical care under the familiar deliberate indifference standard [of the Eighth Amendment].");  *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (court would assess pretrial detainee's claim premised on alleged

inadequate medical care under the standard used to evaluate similar claims brought under the Eighth Amendment since "the Supreme Court has concluded that the Fourteenth Amendment affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner,' without deciding whether the Fourteenth Amendment provides greater protections.") (citation omitted).

"In order for a prisoner to state a claim under section 1983 for medical mistreatment or the denial of medical care, he must allege 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Austin v. Tennis*, No. 10-1158, 2010 WL 2089638 at *2 (3d Cir. May 26, 2010) (slip op.) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference." *Id*. (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). "Moreover, '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Id*. (quoting *United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 575 n. 2 (3d Cir.1979)) (alteration in the original).

As to this particular claim, Plaintiff's allegations are patently insufficient to satisfy the demands of *Twombly*, *Iqbal*, and *Fowler*, because there is no factual content provided from which we can infer a plausible claim for relief. Instead, Plaintiff has alleged, in conclusory fashion, that his rights were violated by the Defendant's refusal of medical treatment. This is contrary to *Fowler, supra*, which requires that a complaint "do more than allege the plaintiff's entitlement to relief." 578 F.3d at 210-11. Here, Plaintiff has alleged facts which allow us to infer the "mere possibility of misconduct," but he has not pled a claim which is "facially plausible." *Id*. Accordingly, the allegations as they presently stand are insufficient to state a viable § 1983 claim premised on a theory of deliberate indifference to serious medical needs.

Nevertheless, our circuit court of appeals instructs that, "if a complaint is

12

vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir.2008)). Because it is possible that Plaintiff might be able to plead a viable § 1983 claim against Defendant Lindsey based on a denial of adequate medical care, the court will permit the Plaintiff to attempt a curative amendment. Defendant Lindsey's motion to dismiss will therefore be granted in this regard, but without prejudice to Plaintiff's ability to replead the claim.

B.    Defendant Bauer

Plaintiff contends that Defendant Bauer "refused [him] medical treatment," that she witnessed the assault and "distroyed [sic] the filmed evidence," and that she "gave [a] copy to [Lindsey] and has refused to cooperate with Plaintiff" in violation of "due process [and the] Victims of Violent Crimes Act." (Complaint ¶ 8.) Plaintiff further alleges that Bauer "conspired" with the other Defendants "to detain Plaintiff against his will" and that she "refused him [his] First Amendment [right] of speech" as well as his "Eighth Amendment [right against] cruel and unusal [sic] punishment." (*Id*.) Finally, he seems to claim that she engaged in "criminal acts of misprision of a felony and aiding and abetting." (*Id*.)

1.    *Refusal of Medical Treatment*

As I have noted, when a pretrial detainee is in custody, the Fourteenth Amendment "'require[s] the responsible ... governmental agency to provide medical care,'" because "the failure to do so amounts to punishment without an adjudication of guilt." *King*, 302 Fed. Appx. at 96 (citations omitted) (ellipsis in the original). *See also Fagan v. City of Vineland*, 22 F.3d 1296, 1315 (3d Cir. 1994) (en banc) (Cowen, J., dissenting) (custody gives rise to a duty of care on the part of the custodian toward the detainee: "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some

responsibility for his safety and general well-being.") (quoting *DeShaney v. Winnebago County Dept. of Social Serv.*, 489 U.S. 189, 199-200 (1989)).

For present purposes, however, the relevant question is what "responsible... governmental agency" had custody over the Plaintiff during the time he claims to have required medical assistance. According to the complaint, Plaintiff was in police custody at the time of the alleged assault, having been arrested by Defendant Lindsey for DUI and informally arraigned by the Magistrate Judge. Because arresting officers do not relinquish custody of the arrestee to the issuing authority during an informal arraignment, Plaintiff was not in the custody of Defendant Bauer during the time period in question. Consequently, since Bauer was not the "responsible... governmental agency," she had no constitutional duty to provide Plaintiff with medical care, and the alleged denial of that care cannot form the basis of a § 1983 claim against her.

2.  *Destruction of Evidence/ Refusal to Assist Plaintiff in his Case*

Plaintiff also complains that Bauer, having been a witness to the assault upon him, "destroyed" the "filmed evidence" and "gave [a] copy to [Lindsey], and "has refused to cooperate with Plaintiff" in violation of his due process rights and the "Victims of Violent Crimes Act."[9] As an initial matter, the fact that this Court is in possession of the "filmed evidence" belies Plaintiff's factual assertion that such evidence was "destroyed."

That aside, Plaintiff's allegations in this regard fail to state a viable due process claim or other constitutional tort against Bauer. Even assuming for the sake of

---

[9] It is not clear to this Court what statute Plaintiff is attempting to invoke when he references the "Victims of Violent Crimes Act." This Court has been unable to locate any case law referencing such a title, and Plaintiff has provided no statutory references relative to this law. Thus, the complaint fails even to properly identify the statute he is attempting to invoke in support of his claim, much less does he provide sufficient factual content to state a plausible claim under that supposed source of law. Because the putative claim under the "Victims of Violent Crimes Act" clearly falls short of the demands articulated in *Fowler*, 578 F.3d at 210-211, *discussed supra*, the Court need not address it further.

discussion that the videotape bears out Plaintiff's allegations of excessive force on the part of Lindsey, neither that fact nor anything else depicted in the video would have served as a defense to the Plaintiff's underlying DUI charge and related vehicle code violations. The Supreme Court has said that, "[w]hatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense.[ ]" *California v. Trombetta*, 467 U.S. 479, 488-89 (1984) (footnote omitted). Moreover, "[t]o meet this standard of constitutional materiality, ... evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id*. (internal citation omitted). Here, the logical relevance of the video, if any, is as a potential source of support for the very type of civil claim which Plaintiff is now asserting in this case against Lindsey (i.e., excessive force/ assault).

Furthermore, even if the Plaintiff could establish that Bauer had a duty under state law to preserve the videotape of the incident (and no such showing has been made here), she had no federaal constitutional obligation to do so, much less was she constitutionally obliged to provide a copy of the video to the Plaintiff or to render other forms of "cooperation" to him relative to his legal claims or defenses. Accordingly, Plaintiff's claim against Bauer premised on her alleged destruction of the videotape and/or her decision to provide it to Lindsey rather than the Plaintiff, cannot survive dismissal under Rule 12(b)(6).

   3.   *Conspiracy and Other Claims*

Finally, Plaintiff claims that Bauer "conspired with all above defendants to detain Plaintiff against his will," that she somehow "refused him First Amendment of Speech and Eighth Amendment" rights, and that she committed "criminal acts of misprision of a felony and aiding and abetting." These thread-bare allegations, which are nothing more than bald assertions of liability, are utterly insufficient to satisfy the *Twombly/ Iqbal/*

*Fowler* standard outlined above.

Here, Plaintiff's allegations of "conspiracy" are nothing more than mere conjecture and fail to state a viable basis for liability. The Third Circuit Court of Appeals has admonished that "a conspiracy claim 'must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal.'" *Thakar*, 372 Fed. Appx. at 328 (*quoting Capogrosso v. Supreme Ct. of N.J.,* 588 F.3d 180, 184 (3d Cir.2009) (per curiam)). Moreover, while "direct evidence of a conspiracy is rarely available and ... the existence of a conspiracy must usually be inferred from the circumstances ..., the rule is clear that allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.'" *Id. (*quoting *Capogrosso, supra*, at 184). No such factual basis is alleged here. In addition, the underlying action in which Bauer was allegedly complicit – *i.e.*, "detain[ing] Plaintiff against his will" – is insufficient to allege a constitutional violation for the reasons previously explained: Plaintiff's conviction on the DUI charges negates his ability to state a viable § 1983 claim premised on false arrest or imprisonment relative to the DUI charges.

As for Bauer's alleged denial of First and Eighth Amendment rights, no factual support is alleged whatsoever in support of this theory. Even accepting as true the minimal facts pled in the complaint, these allegations do not support a colorable First Amendment deprivation. To the extent Plaintiff is attempting to assert an Eighth Amendment claim against Defendant Bauer premised on her imposition of bail, Bauer is immune from suit under the doctrine of judicial immunity. *See Fiedler v. Osborne*, Civil Action No. 09-1138, 2009 WL 4730723 at *4 (W.D. Pa. Dec. 10, 2009) (doctrine of judicial immunity bars civil suits against judicial officers based on actions undertaken in their judicial capacity; holding that claims against magistrate judge arising from his conduct in presiding over the plaintiff's preliminary hearing and setting bail were barred). Moreover, to the extent Plaintiff is attempting to implicate Bauer in his Fourteenth Amendment excessive force claim, neither his factual averments (as set

forth in other papers) nor the videotape of the incident support a theory that Bauer was in any manner involved in the use of force.

Finally, Plaintiff's vague and conclusory allegations that Bauer committed "criminal acts of misprision of a felony and aiding and abetting" are patently insufficient to state a § 1983 claim.  Plaintiff has no constitutional right to have another person prosecuted for alleged criminal misconduct, nor does he have any private right of action to enforce violations of the federal criminal statutes.  *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) (discussing prosecutorial discretion); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, No. No. 09-31000, 2010 WL 774185 at *2 (5th Cir. Mar. 8, 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Pankey v. Webster*, 816 F. Supp. 553, 559 (W.D. Mo.1993) (18 U.S.C. § 4 defines a criminal offense and does not provide civil complainants with a private right of action); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y.1985) (same).

In sum, none of Plaintiff's allegations relative to Bauer state a viable claim under § 1983.  Nor, for that matter, has Plaintiff alleged facts that suggest any colorable basis for liability.  Because further amendment would be inequitable and futile, Plaintiff's claims against Defendant Bauer will be dismissed in their entirety.


C.    Defendant Parroccini

With respect to Defendant Parroccini, Plaintiff alleges merely that this Defendant "has also refused to give Plaintiff the evidence needed to defend self and violates due process[;] Defendant flat out says no."  (Complaint ¶ 10.)  As the Chief Public Defender of Warren County, Parroccini, unlike the other named Defendants, is not considered a "person acting under color of state law" for purposes of § 1983.  Accordingly, he cannot

17

be sued under that statute. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (no state action for purposes of § 1983 where public defender represented defendant in criminal matter). Moreover, to the extent Plaintiff is asserting some kind of ineffective-assistance-of-counsel claim relative to his DUI or other criminal matters, those types of claims are the proper subject of state or federal habeas corpus proceedings, not federal civil rights actions. *See Introcaso v. Meehan*, 338 Fed. Appx. 139, 142 (3d Cir. June 25, 2009) (ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983).

In sum, Plaintiff's allegations utterly fail to allege a facially plausible § 1983 claim against Parroccini. Moreover, because nothing in Plaintiff's complaint suggests that a colorable basis exists for asserting a more substantial federal claim against Parroccini, the claims against Parroccini will be dismissed in their entirety without leave for further amendment.

D.   Ross McKeirnan

Plaintiff's claims against Defendant McKeirnan, the Warren County District Attorney, are similarly deficient. The complaint accuses McKiernan merely of "also refus[ing] Plaintiff and [having] manipulated records (perjury)." (Complaint ¶ 11.) Here again, Plaintiff's vague and conclusory allegation is insufficient to survive a Rule 12(b)(6) dismissal. The complaint is completely devoid of any factual matter that might make the claim against McKeirnan "facially plausible." Nor is this a situation where the existing allegations and information suggest the possibility that a colorable basis for § 1983 liability might exist.

To the extent Plaintiff is attempting to state a Fourth Amendment violation based on the District Attorney's conduct in prosecuting the DUI proceedings, his averments fail to state a viable claim. As we have previously discussed, any malicious prosecution claim would imply the invalidity of Plaintiff's conviction for DUI. Therefore, Plaintiff does not have a cognizable claim for damages for malicious prosecution for those crimes

18

until "his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ..., or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. at 486-87. *See also Shelley v. Wilson*, 152 Fed. Appx. at 128.

Moreover, Defendant McKeirnan is immune from suit under the doctrine of prosecutorial immunity to the extent he is being sued for activities intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Yarris v. County of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006). Given the vague assertion that McKeirnan manipulated records and/or was complicit in perjury, Plaintiff appears to be premising his claim on actions intimately associated with the judicial phase of his own criminal proceedings. Accordingly, McKeirnan is immune from this lawsuit under the doctrine of absolute prosecutorial immunity. Plaintiff's claims against McKeirnan will be dismissed in their entirety without further leave to amend.


E.     Larry Kopko

As against Defendant Kopko, the Warren County Sheriff,[10] the Complaint avers that this Defendant "refused Plaintiff medical treatment[,] shower[,] phone call[,] held Plaintiff against his will in a [sic] isolated cell[,] 1st Amendment, due process, medical treatment, bail, just locked me up period and his staff willingly went along falsifying records, etc., etc." (Complaint ¶ 12.) Once again, the complaint alleges nothing but vague, bare and conclusory assertions that Plaintiff's rights were violated by this Defendant.

To the extent Plaintiff is purporting to assert a § 1983 claim against Kopko based on the alleged denial of a reasonable bail, there is no factual basis that would constitute an Eighth Amendment violation on the part of Kopko. As sheriff, Kopko would have had

---

[10] Plaintiff's complaint identifies Kopko as both the Warren County Sheriff and the Warden of the Warren County Jail. In fact, Kopko is the Sheriff of Warren County but is not the Warden of the Warren County Jail.

no authority or ability either to refuse or to permit bail.

To the extent Plaintiff is attempting to premise § 1983 liability on any assistance that Kopko or his deputies may have provided in committing the Plaintiff to the Warren County Jail, such a claim also fails. In carrying out the ministerial orders of the magistrate judge, Kopko and/or his deputies would be protected by the doctrine of absolute judicial immunity. *See Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir. 1975) ("Several cases grant the extension of the judicial immunity afforded to the judge or clerk of the court to cover police officers engaged in ministerial functions under their direction.") (collecting cases); *Fowler v. Alexander*, 478 F.2d 694, 696 (4th Cir. 1973) (sheriff and jailer confining plaintiff temporarily were executing a court order and are immune) (cited in *Waits, supra*); *Gigliotti v. Redevelopment Authority of City of New Castle*, 362 F. Supp. 764, 766 (W.D. Pa.1973), *aff'd,* 492 F.2d 1238 (3d Cir. 1974) (sheriff executing a writ in connection with eminent domain proceeding was acting under the direction of the court and could not be sued under § 1983) (cited in *Waits*, *supra*)).

Plaintiff's remaining allegations are insufficient to state a cognizable claim under the *Twombly/ Iqbal/ Fowler* standard. No factual information is given to support Plaintiff's allegations concerning a First Amendment violation or the alleged falsification of records by unnamed persons.

However, to the extent Plaintiff is asserting a violation of his rights based on Kopko's denial of adequate "medical treatment," he will be given leave to replead this claim. As I previously noted, "[i]n order for a prisoner to state a claim under section 1983 for medical mistreatment or the denial of medical care, he must allege 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Austin v. Tennis*, No. 10-1158, 2010 WL 2089638 at *2 (3d Cir. May 26, 2010) (slip op.) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If Plaintiff chooses to plead this type of claim, consistent with *Twombly, Iqbal, and Fowler, supra*, he will need to set forth "sufficient factual matter" in his amended complaint to show that

such a claim against Kopko is facially plausible.

F.    Residual Claims in the "Jurisdiction" Clause

Finally, I note that the Plaintiff asserts in his "Jurisdiction" clause, numerous other provisions of law which he is ostensibly attempting to invoke in support of his claims.  These include 42 U.S.C. §§ 1981, 1985 and 1986 and 18 U.S.C. §§ 241 and 242.[11]  Because these provisions are patently inapplicable based on the sparse facts alleged and/or they do not provide Plaintiff any substantive right or any private right of action,[12] any "claims" supposedly based on these provisions are dismissed without further leave to amend.

## III.  CONCLUSION

Based upon the foregoing reasons, Plaintiff's claims against Defendants Bauer, Parroccini and McKeirnan will be dismissed in their entirety without further leave to amend.  Plaintiff's claims against Defendant Lindsey will likewise be dismissed in their entirety, but Plaintiff will be permit to amend his complaint so as to attempt to replead a

---

[11] Plaintiff also purports to invoke "Title 18 USC 2201, 2202," neither of which are currently found in the U.S. Code.

[12] *See, e.g., McGovern v. City of Philadelphia*, 554 F.3d 114, 115, 121 (3d Cir. 2009) (no private right of action against state actors can be implied under § 1981 beyond that which is already provided for by § 1983); *Schultz v. Wilson*, 304 Fed. Appx. 116, 119 (3d Cir. 2008) (recognizing that § 1981 claims must allege a component of racial discrimination); *Brookhart v. Rohr*, No. 10-1449, 2010 WL 2600694 at *2 (3d Cir. June 30, 2010) (slip copy) (§1985(3) "requires a plaintiff to allege that invidious racial or otherwise class-based discriminatory animus lay behind the defendants' actions, and he must set forth facts from which a conspiratorial agreement between the defendants can be inferred.") (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)); *Brookhart, supra*, at *2 (to maintain a cause of action under 42 U.S.C. § 1986, a plaintiff must show the existence of a section 1985 conspiracy) (citing *Clark v. Clabaugh*, 20 F.3d 1290, 1295 n. 5 (3d Cir.1994)); *Walthour v. Herron*, Civil Action No. 10-01495, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241 or 242) (slip copy).

§ 1983 claim premised upon Lindsey's alleged use of excessive force and his alleged denial of necessary medical treatment. Plaintiff's claims against Kopko will be dismissed in their entirety, but Plaintiff will be given leave to replead to the extent he is asserting a § 1983 claim premised upon Kopko's alleged denial of necessary medical treatment.

Plaintiff will be given thirty (30) days, or until October 21, 2010, in which to file his amended complaint with this Court. Failure to do so will, upon motion of the Defendant or *sua sponte*, result in a dismissal of those claims with prejudice. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MICHAEL WINSTON,         )
               )
        Plaintiff,  )
               )
               )   Case No. 1:09-cv-224-SJM
   v.             )
               )
LAURA BAUER, *et al.*,    )
               )
        Defendants.  )

## O R D E R

AND NOW, *to wit*, this 21st day of September, 2010, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS ORDERED that Defendant Laura Bauer's Motion [5] to Dismiss Plaintiff's Complaint be, and hereby is, GRANTED and all claims against Defendant Bauer are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant Michael Lindsey's Motion to Dismiss [22] be, and hereby is, GRANTED in part and DENIED in part as follows:

1.     Said motion is DENIED with respect to Plaintiff's § 1983 claim against Defendant Lindsey premised on the alleged use of excessive force; and

2.     Said motion is GRANTED in all other respects with the caveat that Plaintiff may attempt to replead, on or before October 21, 2010, his § 1983 claim against Defendant Lindsey premised on the alleged denial of necessary medical treatment. Failure to do so will result in the dismissal of such claim with prejudice.

Consistent with the foregoing, all claims against Defendant Lindsey, other than Plaintiff's § 1983 claim premised upon the alleged used of excessive force and his § 1983 claim premised upon the alleged denial of necessary medical treatment, are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Defendants Parroccini, McKeirnan, and Kopko [24] be, and hereby is, GRANTED with the caveat that Plaintiff may attempt to replead, on or before October 21, 2010, his § 1983 claim against Defendant Kopko premised on the alleged denial of necessary medical treatment. Failure to do so will result in the dismissal of such claim with prejudice. Consistent with the foregoing, all claims against Defendants Parroccini, McKeirnan, and Kopko, other than Plaintiff's § 1983 claim against Kopko premised upon the alleged denial of necessary medical treatment, are hereby DISMISSED WITH PREJUDICE.

s/    Sean J. McLaughlin

SEAN J. McLAUGHLIN
United States District Judge

cm:    All parties of record.