IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL WINSTON,               )
                               )
         Plaintiff,            )   Case No. 1:09-cv-224-SJM
                               )
    v.                         )
                               )
MICHAEL LINDSEY, *et al.*,     )
                               )
         Defendants.           )

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., District J.,

This *pro* se civil action was commenced on August 28, 2009 by Plaintiff Michael Winston. The named Defendants originally included Michael Lindsey, a Pennsylvania State Trooper, and various other public officials employed by or within Warren County, Pennsylvania whom Winston alleges violated his federal civil rights. By memorandum order dated September 21, 2010 [29], this Court dismissed all claims directed against Magisterial District Judge Laura Bauer, as well as all claims directed against the Warren County Public Defender and the Warren County District Attorney.

Upon consideration of Defendant Lindsey's motion to dismiss the complaint, the Court denied the motion insofar as it related to Winston's claim under 42 U.S.C. § 1983 that Lindsey subjected him to excessive force in violation of his Fourth Amendment rights. The motion was granted with respect to all other claims against Lindsey with the caveat that Winston was granted leave to file an amended complaint, on or before October 21, 2010, repleading his § 1983 claim premised upon the theory that Lindsey had denied him necessary medical treatment in violation of his Fourteenth Amendment

1

due process rights. All claims against Defendant Larry Kopko, the Warren County Sheriff, were dismissed with a similar caveat that Winston could replead, on or before October 21, 2010, his §1983 claim against Defendant Kopko premised upon the alleged denial of necessary medical treatment. The Court's memorandum order specifically advised that failure to so replead within the October 21, 2010 deadline would result in dismissal of the claim(s) with prejudice.

Rather than replead the foregoing claims, Winston filed a notice of appeal [32] on October 7, 2010 from this Court's September 21, 2010 memorandum order, notwithstanding the fact that no final appealable order had yet been rendered in the case. The Third Circuit Court of Appeals never reached the merits of the appeal but instead issued an order on December 20, 2010 [36] dismissing the appeal due to Winston's failure to timely prosecute the matter. Following entry of that order, Winston filed two "notices" ([37] and [38]) informing this Court that he would be proceeding with his case before the United States Supreme Court.

Thereafter, Winston filed in this Court a motion [39] for appointment of counsel and to "reopen" the case, despite the fact that the case had never officially been closed. By Memorandum Order dated July 15, 2011 [40], the undersigned denied Winston's request for appointment of counsel without prejudice and denied as moot his request to "reopen" the case.

Moreover, in light of Winston's past failure to diligently prosecute his case, the Court established a twenty-day deadline (*i.e.*, August 4, 2011) within which Winston could replead his remaining §1983 claims premised on the alleged use of excessive force and the alleged denial of required medical treatment, to the extent he still intended

2

to pursue those claims. The Court specifically admonished that any future filing should comply with the requirements of Federal Rules of Civil Procedure 8(a) and 12(b)(6) as well as the mandates of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008). The Court further admonished that Winston's failure to file an amended complaint on or before August 4, 2011 would be construed by this Court as an indication that he no longer wished to prosecute this civil action.

Following entry of this Order, Winston filed a "response" [41] in which he claims, among other things, that the dismissal of his appeal before the Third Circuit was the fault of the Clerk of the District Court and that U.S. Marshals had harassed him and his mother. To date, Winston has made no attempt to replead his federal civil rights claims in accordance with this Court's previous directives.

The U.S. Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide district courts in determining whether dismissal of a case is appropriate. *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir. 1984). Under this test, the lower courts must consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988).

Our application of the *Poulis* factors here leads to the conclusion that dismissal of this case is appropriate. Since this Court's Memorandum Opinion and Order of September 21, 2010 [29] dismissing certain claims and allowing Winston the opportunity to replead others, Winston has taken no action to actually move the case forward in this venue despite express notice on two separate occasions that his failure to replead the remaining federal claims would result in their dismissal. Meanwhile, Defendants Lindsey and Kopko have been prejudiced by this inordinate delay; despite its pendency for more than two years, this litigation still has not proceeded past the pleading stage. Winston is proceeding *pro se*, as this Court previously determined that a request for representation by voluntary counsel would be inappropriate in this case; accordingly, as a *pro se* litigant, Winston bears all of the responsibility for any failure to prosecute his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Finally, we note that, while Winston's allegations may state a claim upon which relief could ultimately be granted, the merits of his claims are impossible to determine at this early stage of proceedings.

In light of all these considerations, the following Order is entered:

AND NOW, *to wit*, this 30th Day of November, 2011, based upon the foregoing reasons, IT IS ORDERED that the above-captioned matter shall be, and hereby is, DISMISSED with prejudice.

                                                s/   <u>Sean J. McLaughlin</u>
                                                    SEAN J. McLAUGHLIN
                                                    United States District Judge

cm:    All parties of record.